UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

POC USA, LLC,

              Plaintiff,

v.

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,

              Defendant.

Case No. C23-1816-RSM

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER

    This matter comes before the Court on the parties' Stipulated Protective Order. Dkt. #29.

    The Court finds that the proposed Protective Order does not conform to the requirement that its "protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles" as stated by Local Rule 26(c)(2). Under the section entitled Confidential Material, the Court's model protective order instructs: "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" The parties have not followed and instead state that "[c]onfidential material *may* include" (emphasis added) a laundry list of items that are "illustrative examples[,]" including: "proprietary and/or confidential business information[;]"

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER - 1

what appears to be everything concerning the parties' software, technology, security, and anything related to "the cyber-attack at issue[,]" which, as noted, are all *at issue* in this case; and a plethora of other vague references.  Dkt. #29 at 2.

Although some proper categories of documents are referenced, the Court finds that the parties have impermissibly left the door open to labeling a wide variety of documents as confidential, including categories that can be summed up as "sensitive business material."  The parties submit no argument to justify this departure from the model protective order's guidelines.

The parties have also veered from Section 5.2(b) of the model protective order, "Testimony given in deposition or in other pretrial proceedings."  The model states that participating parties must identify all protected testimony "on the record, during the deposition or other pretrial proceeding . . . [and they] may, within fifteen days of receiving the transcript . . . designate portions of the transcript, or exhibits thereto, as confidential."  The parties propose replacing this with "[u]pon conclusion of the deposition or pretrial proceeding and through the expiration of the fifteen-day designation period, and unless otherwise agreed, the transcript shall be treated by the parties as material designated ATTORNEYS' EYES ONLY under this Order.  Pages of transcribed deposition testimony or pretrial proceedings or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement."  Dkt. #29 at 6.

The model included this language because the Court expects the parties to exercise care and restraint in labeling portions of documents as confidential, consistent with Local Rule 26(c)(2).  The parties submit no argument to justify this departure from the model protective order, and the Court will not enter an order with such language.

Given all of the above, the Motion will be denied.

1    Having reviewed the briefing, along with the remainder of the record, the Court hereby
2 finds and ORDERS that the parties' Stipulated Protective Order, Dkt. #29, is DENIED.
3    DATED this 29th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER - 3